UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JUSTIN HALL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., a foreign corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Civil Action No.: 5:13-cv-172<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT<br>[47 U.S.C. § 227]<br><br>2. VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT<br>[N.C. GEN. STAT. § 75-50] |

## COMPLAINT

### I.  INTRODUCTION

1.  Justin Hall ("Plaintiff") brings this action against Charter Communications, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. §§ 75-50 to -56. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The NCDCA prohibits false or deceptive practices in connection with the collection of debts.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Pursuant to 28 U.S.C. § 1367, jurisdiction is also proper as Plaintiff's NCDCA claim as it is so related to Plaintiff's TCPA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District, and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III. PARTIES

4. Plaintiff is an individual residing in Boone, Watauga County, North Carolina 28607. Plaintiff is a natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes, as such, Plaintiff is a "consumer" as defined by NCDCA, N.C.G.S. § 75-50(1).

5. Defendant is a foreign corporation, registered under the laws of the State of Delaware. Defendant's principle place of business is 12405 Powerscourt Drive, St. Louis, Missouri, 63131. Defendant engages directly or indirectly, in debt collection from consumer, as such, Defendant is a "debt collector" as defined by the NCDCA, N.C.G.S. § 75-50(3).

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt allegedly incurred by the Plaintiff ("alleged debt").

8. The alleged debt is an alleged obligation owed or due or alleged to be owed or due from a consumer. Thus, the alleged debt is a "debt" as defined by the NCDCA, N.C.G.S. § 75-50(2).

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (877) 384-9980. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number (877) 384-9980.

10. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (336) 420-2752.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff's in telephone conversations repeatedly.

12. Within one year prior to the filing of this action, Defendant used deceptive practices when placing calls to Plaintiff.

13. Within one year prior to the filing of this action, Defendant contacted Plaintiff in an attempt to collect a debt from "Christopher Leroy," an individual which in not Plaintiff.

14. On or about March 25, 2013, Defendant contacted Plaintiff in an attempt to speak to "Christopher Leroy." During this conversation, Plaintiff notified Defendant that Plaintiff was not "Christopher Leroy," that Defendant was calling Plaintiff at Plaintiff's cellular telephone, and requested that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

3

15. Subsequent to this March 25 conversation, Defendant called the Plaintiff on Plaintiff's cellular telephone on no fewer than eight (8) occasions, leaving prerecorded messages on each occasion.

16. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

17. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

18. At all times relevant to this action, while conducting business in North Carolina, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

19. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

20. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

21. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

22. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was orally revoked on no fewer than two (2) occasions.

23. At no time has Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

24. Defendant is not a tax exempt nonprofit organization.

25. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff orally requested that Defendant stop calling Plaintiff on two (2) occasions.

26. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than seven (8) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. **FIRST CLAIM FOR RELIEF**

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made

5

for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VI.     SECOND CLAIM FOR RELIEF

**(Violation of the North Carolina Debt Collection Act,**

**N.C. Gen. Stat. §75-50 et. seq.)**

31.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Defendant violated the NCDPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated N.C.G.S. § 75-52(3) by causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances; and

(b) Defendant violated N.C.G.S. § 75-54(4) by falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding.

33. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the NCDCA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the NCDPA, actual damages, statutory damages, attorney fees, and costs.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the NCDCA pursuant to N.C.G.S. § 75-56; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to and N.C.G.S. § 75-56(b); and

(d) Statutory damages pursuant to N.C.G.S. § 75-56(b); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to N.C.G.S. § 75-56(a); and

(h) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Justin Hall, demands trial by jury in this action.

DATED: December 24, 2013           RESPECTFULLY SUBMITTED,

By: /s/ Christopher D. Lane, Esq.

Christopher D. Lane, Esq.
Bar Number: 20302
3802 Clemmons Road, Suite A
Clemmons, NC 27012
Telephone: (336) 766-0229
Facsimile: (336) 766-9145
Email: cdllaw@juno.com
*Attorney for Plaintiff*