IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-00172

| | |
|---|---|
| JUSTIN HALL, an individual, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CHARTER COMMUNICATIONS, INC., a ) <br> foreign corporation; and DOES 1 through ) <br> 10, inclusive, ) <br> ) <br> Defendant. ) <br> ) <br> ) | **DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

NOW COMES the Defendant Charter Communications, Inc., by and through counsel, Cranfill Sumner & Hartzog LLP, responds to the Plaintiff's Complaint as follows:

## I. INTRODUCTION

1. It is admitted that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50 to 56, but this answering Defendant denies any violations, liability or wrongdoing under the law. Except as specifically admitted, the remaining allegations contained in Paragraph 1 are denied.

## II. JURISDICTION AND VENUE

2. It is admitted that Plaintiff is claiming a violation of federal law and therefore the federal claims would be subject to this Court's jurisdiction. The remaining allegations contained in Paragraph 2 are denied.

3. It is admitted that venue is proper in this district as this answering Defendant transacts business in this district. There is not sufficient knowledge or information in possession of

1

this answering Defendant as to the Plaintiff's residence and it is denied that Defendant made the collection communications complained of. Except as admitted, the remaining allegations contained in Paragraph 3 are denied.

### III. PARTIES

4. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 4 and the same are therefore denied.

5. It is admitted that Defendant is a foreign corporation, registered under the laws of the State of Delaware and that Defendant's principle place of business is 12405 Powerscourt Drive, St. Louis, Missouri 63131. The remaining allegations contained in Paragraph 5, as drafted, are denied.

6. The allegations contained in Paragraph 6 are not addressed to this answering Defendant and therefore no response is required. To the extent that a response is necessary, there is not sufficient knowledge or information in possession of this answering Defendant as to whether the identities of Defendants DOES 1-10 are known to Plaintiff and therefore the allegations contained in Paragraph 6 are denied.

### IV. FACTUAL ALLEGATIONS

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. It is admitted that in late March of 2013, Defendant made one call to Plaintiff in an attempt to collect on an account for "Chris Leroy", to a number provided as a contact number. It is

further admitted, upon information and belief, that Mr. Leroy was Plaintiff's roommate. The remaining allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 call for a legal conclusion and therefore no response is required. To the extent that a response is necessary, it is admitted that Defendant is subject to and required to abide by the laws of the United States and it is further admitted that at times Defendant would be required to comply with certain specific regulations and statutes including the TCPA. The remaining allegations contained in Paragraph 18 are denied.

19. It is denied that Defendant utilized an "automatic telephone dialing system" to contact the Plaintiff on multiple occasions between March 25, 2013 and the closing of Mr. Leroy's account as alleged in the Complaint. Except as admitted, denied.

20. The allegations contained in Paragraph 20 are denied.

21. It is admitted that Defendant did not utilize an artificial or prerecorded voice or an "automatic telephone dialing system" in any attempt to contact Plaintiff. Except as admitted, denied.

22. The allegations contained in Paragraph 22 are denied.

23. There is not sufficient knowledge or information in possession of this answering Defendant as to the truth of the allegations contained in Paragraph 23 and the same are therefore denied.

24. The allegations contained in Paragraph 24 are admitted.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

## V. FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

27. Defendant incorporates by reference its responses to Paragraphs 1-26 of the Complaint as if full stated herein.

28. The allegations contained in Paragraph 28, including each and every subpart, are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

## VI. SECOND CLAIM FOR RELIEF

### (Violation of the North Carolina Debt Collection Act, N.C. Gen. Stat. §75-50 et. seq.)

31. Defendant incorporates by reference its responses to Paragraphs 1-30 of the Complaint as if full stated herein.

32. The allegations contained in Paragraph 32, including each and every subpart, are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Defendant denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of answering Defendant's purported violations.

3. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Charter Communications, Inc. and were beyond the control or supervision of

Charter Communications, Inc. and for whom this answering Defendant was and is not responsible or liable.

4. Plaintiff has failed to state a claim against Charter Communications, Inc. upon which relief may be granted.

5. Plaintiff consented and authorized calls to the phone number in question.

6. Any phone calls made to Plaintiff by this answering Defendant are exempt from TCPA liability.

7. The equipment used to make any telephone call(s) to Plaintiff by this answering Defendant is not covered by or subject to the TCPA.

8. To the extent that any calls were made by this answering Defendant to Plaintiff's cellular phone, as alleged, Plaintiff provided consent to receive those calls.

9. To the extent Plaintiff was not the intended recipient of the calls, Plaintiff has no standing to assert the claim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays unto the Court as follows:

1. That Plaintiff have and recover nothing of this answering Defendant;

2. That this answering Defendant recover any cost of defending this action, including reasonable attorney's fees and expenses;

3. For such other and further relief as the Court may deem just and proper; and

4. For a trial by jury of all issues triable herein.

This the 28th day of January, 2014.

**CRANFILL SUMNER & HARTZOG LLP**

BY: **/s/ Samuel H. Poole, Jr.\_\_\_\_**
SAMUEL H. POOLE, JR.
State Bar No. 13659
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-Mail: shp@cshlaw.com
*Attorneys for Defendant Charter Communications*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *Answer* on all of the parties to this cause by:

Electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorney of record:

    Christopher D. Lane, Esq.
    Bar Number: 20302
    3802 Clemmons Road, Suite A
    Clemmons, NC 27012
    Tel: 336-766-0229
    Email: cdllaw@juno.com
    *Attorney for Plaintiff*

This the 28th day of January, 2014.

                **CRANFILL SUMNER & HARTZOG LLP**

  BY:    **/s/ Samuel H. Poole, Jr.**
          SAMUEL H. POOLE, JR.
          State Bar No. 13659
          Post Office Box 30787
          Charlotte, North Carolina 28230
          Telephone:    (704) 332-8300
          Facsimile:     (704) 332-9994
          E-Mail: shp@cshlaw.com
          *Attorneys for Defendant Charter Communications*